# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO.: 24-cv-24868-DPG

JAMES WATSON,

     Plaintiff,

v.

PRECISE MEDICAL SPA, CORP.,

     Defendant.

_____/

## **<u>ORDER</u>**

THIS CAUSE comes before the Court upon Plaintiff James Watson's Motion for Final Default Judgment [ECF No. 13], filed March 7, 2025. A Clerk's Default was entered against Defendant Precise Medical Spa, Corp, on January 28, 2025, [ECF No. 8] as Defendant failed to appear, answer, or otherwise plead to the Complaint [ECF No. 1]. The Court has carefully considered the Motion for Default Judgment, the record, and applicable law.

### BACKGROUND

1.     The cause of action is a brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

2.     Plaintiff is blind and therefore unable to fully engage in the major life activity of seeing. Plaintiff seeks the Declaratory Relief, Court Orders and an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205*, see* [ECF No. 1].

3.     Defendant failed to appear, answer, or otherwise respond to the Complaint. Therefore, the Clerk entered default on January 28, 2025, *see* [ECF No. 8].

4.      Damages are not permitted under Title III of the ADA. Therefore, the only matters at issue are the Declaratory Relief, Court Orders, and the award of attorney's fees, costs and litigation expenses sought in the Complaint pursuant to 42 U.S.C. § 12205.

5.      The total fees and costs Plaintiff is seeking is **$5,511.50**. Of that amount, **$4,040.00** is for attorney's fees; and **$1,471.50** for costs and expenses.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *Nishimatsu*, 515 F.2d at 1206. Because the Defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *Id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default against him." (alterations added; citation omitted)).

## ANALYSIS

The instant action is brought under Title III of the Americans with Disabilities Act. In enacting the ADA, Congress intended that the Act "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

To properly state a claim under an ADA Title III website accessibility case, "a plaintiff must establish '(1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of disability—full and equal enjoyment of the premises.'" *Gomez v. Dadeland Dodge, Inc.* 2020 WL 8919440 at *2 (S.D. Fla. April 24, 2020) quoting *Price v. City of Ocala, Fla.* 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019) (quoting *Bell v. FTMC, LLC*, 2018 WL 4565745, at *1 (M.D. Fla. Sept. 24, 2018))). The three essential elements are established here:

1.      Plaintiff is disabled within the meaning of the ADA. [ECF No. 1 at ¶ 3-5].

2.      Defendant owns, leases, or operates a place of public accommodation or medical spa. [ECF No. 1 at ¶¶ 8-11].

3.      Defendant denied Plaintiff—on the basis of disability—full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation.  [ECF No. 1 at ¶¶ 22, 23, 24; ECF No. 13; ECF No. 13-1].

Taking the allegations in the Complaint as admitted, the Court finds that Defendant violated the ADA because Plaintiff is a person with a disability; Defendant is a public accommodation, specifically a store; and Plaintiff was denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation. The allegations are taken as true, and evidence as presented in the motion is unrefuted by Defendant. Thus, a sufficient basis exists in the pleadings for final judgment to be entered against Defendant. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Final Default Judgment [ECF No. 13] is **GRANTED**. The calculation of fees and costs is attached to the Motion as Exhibit B [ECF No. 13-2]. Defendant has presented no evidence to challenge either the legitimacy or the accuracy of these figures.

2.      Final judgment will be entered in favor of Plaintiff, James Watson, and against Defendant, Precise Medical Spa, Corp, in the sum of **$5,511.50** as reasonable attorney's fees, including litigation expenses and costs. This amount is substantiated by the evidence attached to the Affidavit of J. Courtney Cunningham, Esq.  [ECF No. 13-2].

3.      Defendant shall bring its mobile website into compliance with the ADA and:

    a.   Alter its Website to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA.;

    b.   Provide the appropriate auxiliary aids such that individuals with vision impairments will be able to effectively communicate with their Website;

    c.   Require Defendant to provide an alternative method for individuals to effectively communicate so that disabled individuals are not impeded from obtaining goods and services available to the public the Defendant's Website;

    d.   Require Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    e.   Order Defendant to continually update and maintain their Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

    f.   Pay Plaintiff's attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. Section 12205; and,

    g.   Provide such other relief that the Court deems just and proper, and/or as allowable under Title III of the Americans with Disabilities Act.

4.      The Court reserves jurisdiction to enter such other and further orders as deemed

proper.

DONE AND ORDERED in Miami, Florida, this 3rd day of April, 2025.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**


cc: counsel of record